**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICIA WAITERS, | : | |
| Plaintiff, | : | Civil Action No. 07-421 (PGS) |
| v. | : | **OPINION** |
| HUDSON COUNTY CORRECTIONAL CENTER, | : | |
| Defendant. | : | |

**SHERIDAN, U.S.D.J.**

This matter is before the Court on Defendant the Hudson County Correctional Center's ("Defendant") motion for summary judgment ("Defendant's Motion for Summary Judgment") against Plaintiff Patricia Waiters ("Plaintiff").  There is only one issue left in this case since the other counts were dismissed in earlier opinions.  (Docket Entry 46 and Docket Entry 62).

Plaintiff alleges that Defendant retaliated against Plaintiff for filing a complaint with the Equal Employment Opportunities Commission (the "EEOC"), in which Plaintiff claimed Title VII discrimination. The facts are presented below.

I.

In 2000, Plaintiff started working for Defendant.  Plaintiff was terminated from Defendant on July 14, 2005.  Between 2004 and her discharge, Plaintiff had numerous situations arise and filed many employee complaints and incident reports.  Plaintiff estimated that she filed

50 employee complaint forms with Defendant in 2004 and 2005. At deposition, she was questioned:

> Q.   How many employee complaint forms would you say you filed?
>
> A.   Over 50. I'm just giving you an estimate as close to the number as I can.

During this same period of time, Plaintiff was subject to disciplinary action for several incidents, including when: (a) in October, 2004, Plaintiff played a training academy DVD in the correctional center in the sight of inmates; (b) on December 6, 2004, Plaintiff used abusive language, intimidated and harassed Corrections Officer Theresa Buchanan ("Officer Buchanan"); and (c) on April 22, 2005, Plaintiff failed to properly maintain a log book.

With respect to the disciplinary actions brought against Plaintiff, on July 14, 2005, Hearing Officer Howard Moore ("Hearing Officer Moore") issued a lengthy opinion, and decided that Plaintiff should be terminated. After a substantial hearing where numerous corrections officials testified and documents were reviewed, Hearing Officer Moore found Plaintiff guilty on the charges of conduct unbecoming a public employee, insubordination, neglect of duty, and other sufficient cause. Hearing Officer Moore dismissed the other charges. In reviewing the prior discipline imposed against Plaintiff plus these charges, Hearing Officer Moore recommended removal. The prior disciplinary offenses (*see* Hearing Officer Moore's opinion) included:

| DATE | OFFENSE | PENALTY |
|---|---|---|
| 11/18/04 | Insubordination<br>Conduct Unbecoming<br>a Public Employee<br>Neglect of Duty | 65 day suspension |
| 09/11/03 | Unauthorized Leave | 2 month suspension<br>* settlement agreement * |
| 11/27/02 | Excessive lateness | 2 day fine |
| 11/15/02 | Excessive Absence | 1 day fine |
| 09/06/02 | Excessive lateness | 2 day fine |
| 08/09/02 | Excessive lateness | 2 day fine |
| 07/18/02 | Excessive lateness | written warning |
| 06/27/02 | Excessive lateness | verbal warning |
| 02/08/02 | Excessive lateness | 2 day fine |
| 12/20/01 | Excessive lateness | written warning |
| 12/01/01 | Excessive lateness | verbal warning |
| 8/17/00 | Insubordination | verbal warning |

Importantly, there is nothing in Hearing Officer Moore's decision which indicates anything about retaliating against Plaintiff because she filed an EEOC complaint.

Plaintiff appealed the determination by Hearing Officer Moore. And, on February 29, 2008, Administrative Law Judge Irene Jones ("ALJ Jones") delivered another formidable decision (a 28-page opinion) upholding the determination rendered by Hearing Officer Moore. Similar to the content of Hearing Officer Moore's decision, ALJ Jones's decision made no reference to any alleged retaliation against Plaintiff for filing an EEOC complaint. On April 24, 2008, ALJ Jones's decision was upheld or approved by the Merit Board. Moreover, on October

3

28, 2008, ALJ Jones's decision was upheld or approved by the Appellate Division of the Superior Court.

On February 7, 2005, Plaintiff filed charges of employment discrimination on the basis of race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, with the EEOC against Defendant, charge number 71-2005-0259 (the "February 2005 EEOC Charge").

After filing the February 2005 EEOC Charge, Plaintiff contends that Defendant retaliated against Plaintiff in three instances.

First, Plaintiff contends that she was unnecessarily disciplined. Specifically, Plaintiff alleges that Director Oscar Aviles ("Director Aviles") harassed Plaintiff and ordered supervisors to issue false disciplinary notices regarding Plaintiff's conduct and tardiness. At deposition, Plaintiff testified that Director Aviles committed "perjury" during Plaintiff's disciplinary hearing. Plaintiff testified:

> Q.    And with respect to that allegation, when and where do you allege that occurred?
>
> A.    At the jail, Hudson County facility.
>
> Q.    And when you say "perjury," you're talking about, like, testimony under oath or an affidavit under oath or something like that. Where do you say he committed perjury?
>
> A.    In all of his documents, all my charges. To the hearing officer when he testified at the hearing.
>
> Q.    What are you saying he lied about?
>
> A.    My charges.

4

Q.   What about your charges? What specifically did he lie about? Did he say events occurred that didn't occur?  Did he say –

A.   He said they occurred. He said I harassed these females, with him not even having knowledge of it and he was only going by speculation and hearsay. Him being the highest in command, he ordered the other supervisors to make false charges against me.

Q.   Did the other persons who it was alleged to harass testify at any hearing?

A.   Yes. Under his influence, yes.

Plaintiff suggests that Director Aviles trumped up all the charges against her. There is nothing in the record to support same.  In two of the charges brought against Plaintiff, there is no mention of Director Aviles.  For example, Corrections Officer Erica Coy ("Officer Coy") and Officer Buchanan filed incident reports about the afore-mentioned DVD incident because Officer Coy "felt that the display of the video should not have occurred in the facility and in view of the inmates."  In regard to the log book violation, the officials involved were Captain Stevette Scott ("Captain Scott") and Corrections Officer Mark Figueroa ("Officer Figueroa"), both of whom noted large gaps in the log book record.  There is no mention, however, of Director Aviles having any involvement.

Furthermore, on April 15, 2005, Plaintiff filed an Incident Report wherein she complained that she was harassed by two female officers (Officer Buchanan and Corrections Officer Latoya Hobson [Officer Hobson]). According to Plaintiff, despite this alleged harassment, Defendant took no remedial measures to benefit Plaintiff.  Despite Plaintiff's harassment contention, the opposite occurred.  Plaintiff was discharged due to the allegations by

the two female officers concerning the abusive behavior of Officer Buchanan along with other charges.

Finally, Plaintiff contends that after her discharge, she was further harassed when she picked up her mother at the Hudson County Correctional Center at the end of her mother's shift. There is no corroborating proof of this by any other witness, and this is not an employment activity.

## II.

Summary judgment is appropriate under Federal Rules of Civil Procedure Rule 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor'." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations .

. . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring that a non-moving party "set[s] out specific facts showing a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgement. *Anderson*, 477 U.S. at 247-248. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in [the non-moving party's] favor – that no reasonable jury could find for [the non-moving party], summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. Appx. 222, 227 (3d Cir. 2007) (citation omitted).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). "Conclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts'." *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252 and *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *see also Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991) (a non-moving party must put forth more than a "bald assertion, completely unsupported by evidence . . . ."). "The non-movant cannot 'escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts,' or defeat the motion through 'mere speculation or conjecture'." *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (quoting *Borthwick v. First Georgetown Sec., Inc.,* 892 F.2d 178, 181 (2d Cir. 1989) and

7

*Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986), *cert. denied*, 480 U.S. 932 (1987) (citation omitted)).

III.

Title VII prohibits racial discrimination against an employee so long as certain standards are met. In addition, there is "[a] separate section of the Act – its anti-retaliation provision – [which] prohibits an employer from 'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation'." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 56 (2006) (citation omitted). This anti-retaliation portion of the Act "seeks to secure that primary objective by preventing an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees." *Id*. at 63. In order to demonstrate an actionable retaliation claim, an employee must show that "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Nelson v. Upsala Coll.*, 51 F. 3d 383, 386 (3d Cir. 1995) (citations omitted). In addition, Plaintiff must demonstrate that "the retaliation caused injury or harm." *Burlington N.,* 548 U.S. at 67. Specifically, Plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (citations omitted).

Here, the issue is whether there is a casual connection between Plaintiff's participation in the protected activity and the adverse employment action. As noted above, Plaintiff alleges three retaliatory actions by Defendant which occurred as a result of her filing the 2005 EEOC Charge

8

on February 7, 2005.  The facts show that at least two disciplinary proceedings started in October (the DVD charge) and December (the altercation with the two female officers) *of 2004* – prior to Plaintiff's initiation of the 2005 EEOC Charge. Since the actions occurred prior to filing the 2005 EEOC Charge, it is difficult to assess these disciplinary proceedings as retaliatory. Moreover, the opinions of Hearing Officer Moore and ALJ Jones thoroughly review the facts and law of each incident, and there is no proof that the decision to remove Plaintiff was motivated by her filing of the 2005 EEOC Charge.

Although casual connection "may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as" temporal proximity, no reasonable jury could find that here.  *Abramson v. William Paterson College*, 260 F. 3d 265, 288 (3d Cir. 2001); *Burrus v. United Tel. Co.*, 683 F. 2d 339, 343 (10th Cir. 1982), *cert. denied*, 459 U.S. 1071 (1982).  Summary judgment is appropriate if, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party. *United States v. All Right, Title & Interest in Real Prop. & Bldg.*, 901 F. 2d 288, 290 (2d Cir. 1990) (internal quotations and citations omitted). Defendant "need not prove the 'absence of retaliatory motive[1], but only produce evidence that would dispel the

---

[1]     In a last-ditch effort to salvage her retaliation claim, Plaintiff argues that the "mixed motive" theory of causation applies. Plaintiff never pled this theory of causation in Plaintiff's first amended complaint.  Despite this, Plaintiff now surmises that so long as Defendant's retaliatory animus was at least a "motivating factor" for the employment actions taken, Plaintiff's retaliation claim remains viable.  If this is, in fact, a "mixed motive" case, then Plaintiff can satisfy her initial burden by demonstrating that "retaliation was a motivating factor in the adverse employment decision[s] . . . ." *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 512 (3d. 1997) (citation omitted).  For the reasons set forth in this Opinion, however, Plaintiff has failed to demonstrate that retaliation was a "motivating factor" behind Defendant's employment actions.

Nonetheless, even if Plaintiff were to satisfy this initial burden, Defendant could clear its

inference of retaliation by establishing the existence of a legitimate reason'." *Burrus*, 683 F. 2d at 343 (citation omitted); *see also Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-55 (1981).   Based on the facts here - where some of the disciplinary actions occurred prior to Plaintiff's initiation of the 2005 EEOC Charge and fair-minded decision makers (Hearing Officer Moore and ALJ Jones) found substantial evidence that Plaintiff's actions were subject to discipline - summary judgment against Plaintiff is appropriate.

IV.

In light of the foregoing, Defendant's Motion for Summary Judgment is granted.

*s/Peter G. Sheridan*_____<br>PETER G. SHERIDAN, U.S.D.J.

October 7, 2010

---

evidentiary hurdle and demonstrate that "[Defendant] would  have made the same employment decision[s] in the absence of retaliatory animus." *Walden*, 126 F.3d at 512-13 (citation omitted). For the reasons set forth in this Opinion, it is evident that Defendant had numerous reasons to take disciplinary action against Plaintiff.   As such, Defendant could demonstrate that regardless of whether Plaintiff filed the 2005 EEOC Charge, Defendant "would have" taken the same employment actions against Plaintiff.   Such undisputed material facts are fatal to Plaintiff's "mixed motive" theory of causation.